NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RHITIK RHITIK,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2059

Agency No.
A246-628-669

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2025[**]
Seattle, Washington

Before: W. FLETCHER and NGUYEN, Circuit Judges, and BENNETT, Senior
District Judge.[***]

Rhitik Rhitik ("Rhitik"), a native and citizen of India, petitions for review of

a Board of Immigration Appeals ("BIA") decision dismissing his appeal from the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard D. Bennett, United States Senior District
Judge for the District of Maryland, sitting by designation.

Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition and the motion for stay of removal.

We review for substantial evidence the Agency's denials of asylum, withholding of removal, and protection under CAT. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under this standard, the Agency's findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)).

In this case, substantial evidence supports the Agency's finding of no past persecution, and Rhitik waived any challenge to the Agency's determinations as to his well-founded fear of future persecution, his withholding claim, and his CAT claim, we deny the petition for review and deny the motion for stay of removal.

**1. Past Persecution:** Substantial evidence supports the Agency's determination that Rhitik did not qualify for asylum based on past persecution. To receive asylum, "the applicant must show that '(1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control.'" *Plancarte Sauceda*, 23 F.4th at

832 (alteration omitted) (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)); *see also* 8 C.F.R. § 1208.13(b).  When evaluating past persecution, "[t]he first, and often a significant consideration, is whether the petitioner was subject to 'significant physical violence,' and, relatedly, whether he suffered serious injuries requiring medical treatment."  *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) (quoting *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2021)).  Isolated instances of harm typically do not demonstrate past persecution.  *See id.* at 1061–62 (collecting cases).  Moreover, unfulfilled threats do not generally constitute persecution.  *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000).

Rhitik fears that if he is removed to India, he will face mistreatment from workers in the Bharatiya Janata Party ("BJP") because of his membership in opposing political party Indian National Lok Dal ("INLD").  Rhitik explained that on October 2, 2021, he was beaten for three or four minutes by four BJP workers who called him a traitor and told him to stop working for INLD and stop participating in farmers' protests.  On November 1, 2022, four BJP workers driving an SUV ran Rhitik's motorcycle off the road and chased him through a field.  Rhitik attempted to report the incidents to police, but officers declined to make a report.  After Rhitik left India, individuals twice went to his parents' home seeking Rhitik and threatened his parents that they should not hide him.

But Rhitik's family remains unharmed in India, and Rhitik suffered only one beating that did not result in significant physical injuries. His only other altercation with BJP workers occurred more than a year after the beating and resulted in no physical harm. Nothing in the record compels a finding of past persecution, which is "'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) (quoting *Nagoulko*, 333 F.3d at 1016); *see also Sharma*, 9 F.4th at 1061 (collecting cases where one incident of physical harm did not rise to the level of persecution).

**2. Waiver:** "Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived." *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (citing *United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006)); *see also Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023). In this case, Rhitik raises no substantive arguments to support his assertion, in passing, that he showed a well-founded fear of future persecution. Similarly, he offers no substantive discussion of his withholding and CAT claims. Nor does he provide any argument to challenge the BIA's conclusion that he waived both his CAT claim and his assertion of a well-founded fear of future persecution. Accordingly, these issues are waived. *See, e.g.*, *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (2001).

**PETITION DENIED.**